WILLIAM W. DARLEY, Appellant, *v.* KENDALL PRODUCTS COR-
PORATION, Respondent.

First Department, April 6, 1923.

Contracts — action on contract to procure option for defendant on
shares of corporate stock — plaintiff procured contract for purchase
of stock instead of option — acceptance of contract amounted to modi-
fication of contract of employment — defendant is liable.

In an action for services rendered under a contract to procure an option for the
purchase of corporate stock for the benefit of the defendant, the plaintiff is
entitled to recover, though instead of procuring an option he procured a contract
for the purchase of the stock, where it appears that the defendant ratified the
contract for the purchase of the stock by procuring an extension of time and by
acknowledging that the plaintiff had performed his contract, since the accept-
ance of the contract of purchase amounted to a modification of the contract of
employment.

APPEAL by the plaintiff, William W. Darley, from so much of
an order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of New
York on the 5th day of July, 1922, as dismisses the complaint,
and also from a judgment in favor of the defendant, entered in
said clerk's office on the 13th day of July, 1922, pursuant to
said order.

The order was made upon the reargument of a motion by plain-
tiff for summary judgment.

*Herbert P. Queal* [*Harry B. Bradbury* of counsel], for the appellant.

*Walter Jeffreys Carlin* [*Herman J. Witte* of counsel], for the
respondent.

SMITH, J.:

The action is upon a contract whereby the defendant employed
the plaintiff to procure for it an option for ten days for the purchase
of 38,000 shares of the common stock of the Grain Soaps Cor-
poration for the sum of $112,500 in cash, and 10,000 shares of the
preferred, and 10,000 shares of the common stock of the Kendall
Products Corporation, the defendant. Two thousand five hundred
dollars was paid by defendant to the plaintiff with which to procure
such option. The plaintiff was to receive, as his compensation
for procuring that stock, any sum that he should be able to make
by getting the stock at a lesser amount.

The contract procured for the defendant by the plaintiff did
not conform to the specifications in the employment contract
between the defendant and the plaintiff, and plaintiff would have

had no cause of action, except for the fact that the defendant accepted the contract procured by the plaintiff and acted upon it. The employment contract was to obtain an option upon this stock, while the contract which plaintiff obtained was for the purchase of the stock. That the defendant accepted it and acted upon it appears from a recital of the acknowledged facts as follows: The defendant employed the plaintiff to procure an *option* for the purchase of the stock. A few days later plaintiff obtained a *contract* for the purchase of the stock which he at once showed to the defendant. The defendant made no objection to the contract procured, but, on the other hand, requested the plaintiff to obtain an extension. While he called it an extension of the option, there is no doubt that he referred to the contract obtained by the plaintiff. The procuring of the extension of time was a ratification of the contract and an acknowledgment by the defendant that the plaintiff had performed under his contract of employment. If the contract thus procured had not been assented to by the defendant, it is clear that the plaintiff would not be entitled to recover. But when the defendant accepted the contract that plaintiff did procure, it amounted to a modification of the contract of employment and authorized the plaintiff to recover for the stipulated compensation in obtaining that option. In addition to the foregoing is the somewhat significant fact that, on the day following the expiration of the contract procured by the plaintiff as extended, the defendant commenced negotiations which resulted in the purchase from the person from whom plaintiff had obtained the contract of a greater number of shares of stock of the Grain Soaps Corporation. These facts appear in the papers on which the motions were heard, and they were not disputed.

The contract procured by the plaintiff called for the payment of $100,000 only, for the 38,000 shares of stock, on which the plaintiff paid the $2,500 received from the defendant when he was employed. When defendant asked plaintiff to obtain an extension, defendant paid an additional $3,000 to be applied against the purchase price. Under the contract of employment plaintiff was to see that the Grain Soaps Corporation was free from debt, while, by the contract procured by the plaintiff, he allowed an existing indebtedness of $3,500. In his reply to defendant's answer, plaintiff concedes that he departed from his contract of employment in the case of the $3,000 and the $3,500.

The plaintiff in his complaint asks for judgment on the basis of a demand for $15,000 and the 10,000 shares each of common and preferred shares of the capital stock of the defendant. In his reply to the defendant's answer plaintiff concedes that defendant is entitled

to credit for $6,500, and he, therefore, asks in that reply for only $8,500 and the shares of stock above mentioned.

The order dismissing the complaint and the judgment entered thereon should be reversed, with costs, and the plaintiff's motion granted, with ten dollars costs, and judgment directed for the relief demanded in the reply.

DOWLING, MERRELL, FINCH and McAVOY, JJ., concur.

Judgment and order reversed, with costs, plaintiff's motion granted, with ten dollars costs, and judgment directed for the relief demanded in the reply.　Settle order on notice.